UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MCDUFFY,

    Plaintiff,

v.                                CAUSE NO. 3:24-CV-667 DRL-SJF

HEATHER MONTES *et al.*,

    Defendants.

## OPINION AND ORDER

James McDuffy, a prisoner without a lawyer, filed a complaint in the Miami Superior County, and the defendants removed the case to federal court. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McDuffy alleges that he was employed in the kitchen at the Miami Correctional Facility. On March 22, 2024, his shift ended abruptly when Cynthia Hayden directed an officer to have Mr. McDuffy leave or risk a negative evaluation and termination. The next day, he learned he had been terminated. Two days later, he learned that he was terminated due to a false report made by Michelle Misock, who claimed that Mr. McDuffy pinned her against a wall and requested a sexual favor.

Once Mr. McDuffy learned the reason for his termination, he filed a complaint with Officer Renner pursuant to the Prison Rape Elimination Act, 34 U.S.C. §§ 30301–09 (PREA).[1] He alleged that Ms. Misock's false allegations against him constituted sexual harassment. He was interviewed by D.I.I. Johnson the following day. Mr. McDuffy asked that witness statements be gathered and that someone review the video footage. He was later notified by D.I.I. McGee that there wouldn't be an investigation.

Mr. McDuffy filed an informal grievance with D.I.I. McGee, noting that the I.D.O.C.'s policy required an investigation. He also filed a formal grievance. The grievance specialist, Michael Gapski, didn't respond, even though IDOC policy requires a response.[2]

Mr. McDuffy filed a classification appeal with Deputy Warden Ertle. He again asked that the matter be investigated and noted that Ms. Misock's allegations were slanderous. The classification appeal was denied without investigation.

Mr. McDuffy had a history of positive work evaluations. However, after Ms. Misock's false allegations, Food Service Director Heather Montes completed a work evaluation that claimed he refused to stay in his assigned work area and was lazy.

---

[1] It doesn't appear that Mr. McDuffy is attempting to bring a claim under PREA. However, to the extent that may have been Mr. McDuffy's intention, he can't succeed. PREA doesn't provide a private right of action. *See Sims v. Doe*, No. 1:18-CV-2394-TWP-MPB, 2018 WL 4027632, 2 (S.D. Ind. Aug. 22, 2018) (collecting cases).

[2] To the extent that Mr. McDuffy is suing over a violation of the IDOC's policies, he can't proceed. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Mr. McDuffy claims that the defendants violated his rights to due process and equal protection. He also alleges that Michael Gapski retaliated against him. Additionally, he raises numerous state law claims.

A. *Due Process and Failure to Investigate Claims.*

A prisoner doesn't have a liberty or property interest in a prison job, and being deprived of a job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). Therefore, Mr. McDuffy can't proceed on a due process claim.

Likewise, Mr. McDuffy doesn't have a constitutional right to force an investigation of the alleged wrongdoing. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("criminal prosecution is an executive function within the exclusive prerogative of the Attorney General"); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction"). Thus, Mr. McDuffy's allegations regarding the investigation being insufficient don't state a claim.

Similarly, Mr. McDuffy has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

3

B. *Equal Protection Claims.*

To assert an equal protection claim, a plaintiff must allege that a state actor purposely discriminated against him on a prohibited basis, such as his race or sex. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). If the disparate treatment isn't based on a prohibited ground, it's permissible if it isn't irrational. *Stevens v. Illinois Dept. of Transp.* 210 F.3d 732, 737-738 (7th Cir. 2000). In the prison context, "prison administrators may treat inmates differently as long as the unequal treatment is rationally related to a legitimate penological interest." *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016).

A plaintiff can also state a "class-of one" equal protection claim by alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chicago*, 946 F.3d 391, 395–96 (7th Cir. 2020). However, "even at the pleading stage, a plaintiff must anticipate the burden of eliminating any reasonably conceivable state of facts that could provide a rational basis for the government's actions," and must "provide a sufficiently plausible basis to overcome the applicable presumption of rationality." *Walker v. Samuels*, 543 F. Appx. 610, 611 (7th Cir. 2013). Additionally, class-of-one claims cannot be used to challenge discretionary decisions that are "based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 603 (2008). In the prison context, "choosing when and how to apply discipline are discretionary decisions falling under *Engquist*." *Atkinson v. Mackinnon*, No. 14-CV-736-BBC, 2015 WL 506193, 1 (W.D. Wis. Feb. 6, 2015).

4

Mr. McDuffy doesn't describe any intentional discrimination he suffered based on a prohibited ground or identification with any particular group. He also doesn't provide any details about the treatment of other inmates for the court to plausibly infer that he was intentionally treated more harshly than similarly situated inmates for no rational reason. The decision of terminate Mr. McDuffy from his prison job was based on his own unique background and circumstances, and it doesn't give rise to a plausible equal protection claim. *Engquist*, 553 U.S. at 603; *Atkinson*, 2015 WL 506193 at 1.

C. *Retaliation.*

Mr. McDuffy also alleges that Michael Gapski was retaliating against him when he did not process his grievance because he filed a lawsuit against him for not processing grievances. "To prevail on his First Amendment retaliation claim, [Mr. McDuffy] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citations omitted). Here, it isn't plausible to infer that the lawsuit Mr. McDuffy filed was a motivating factor in his decision not to process Mr. McDuffy's grievance because the lawsuit McDuffy filed documents that Michael Gapski was already failing to process Mr. McDuffy's grievances.

Furthermore, when determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964

5

F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880-81 (7th Cir. 2020). "[T]he harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. 'Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.'" *Holleman*, 951 F.3d at 880-81 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). Not processing a grievance is not likely to deter a person of ordinary firmness from engaging in future First Amendment activity. Therefore, this allegation doesn't state a claim.

    D.  *State Law Claims.*

Mr. McDuffy raises numerous state law claims too. The complaint doesn't state a federal cause of action. In the absence of a federal claim, the court typically relinquishes jurisdiction over state law claims, absent considerable investment. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). Here, it wouldn't be appropriate to retain jurisdiction over the state law claims.

For these reasons, the court:

(1) DISMISSES the federal claims WITH PREJUDICE; and

(2) REMANDS the state law claims to the Miami Superior Court, Cause No. 52D02-2407-CT-760.

SO ORDERED.

May 16, 2025 *s/ Damon R. Leichty*
Judge, United States District Court